IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ISIS O. COLLINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-5591 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| and GEORGETTE HAMPTON, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pro se plaintiff Isis Collins ("Collins") brings this action against her former employer the Chicago Transit Authority ("CTA") and Georgette Hampton ("Hampton") under the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 621, *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Before the Court are defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons outlined below, the Court grants Hampton's motion with prejudice and dismisses her as a defendant to this lawsuit. The Court grants in part with prejudice and grants in part without prejudice the CTA's motion to dismiss. The Court grants Collins leave to file an amended complaint as to her age and disability discrimination claims against the CTA. *Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015) (there is a "presumption in favor of giving plaintiffs at least one opportunity to amend.").

**Background**

Construing her pro se pleadings liberally, *see Taylor v. JPMorgan Chase Bank, N.A.,* 958 F.3d 556, 562 (7th Cir. 2020), as well as the attachments to her complaint, on March 4, 2014, Collins began her employment with the CTA where she worked as a full-time bus operator. At some point while working for the CTA, Collins was diagnosed with post-traumatic stress disorder ("PTSD"),

and the CTA was made aware of this. In November 2018, she requested a reasonable accommodation for her disability, but was never provided one. Collins alleges that throughout her employment, she was subjected to different terms and conditions of employment than the non-disabled workers, including being denied paperwork to report an injury, harassed, and threatened with discharge. Collins also claims that she was discriminated against because of her age (41-years-old) based on comments made by other CTA employees.

At the time of her termination, Collins was on medical leave due to a work-related injury. In her pro se complaint, Collins states that she was not facing any disciplinary actions before her leave and CTA employees, including defendant Hampton, who was a CTA supervisor, overstepped their authority by terminating her while she was off work and on official inactive status. According to Collins, no other employees in the past have been terminated while on medical leave. Collins cites instances of two other bus operators who were on inactive status due to medical leave, yet were not disciplined until they returned back to active status at work. Further, because of the continuous harassment and discrimination, both during her active status and her inactive status while on medical leave, Collins alleges that CTA created a hostile work environment.

After filing a charge with the EEOC, Collins received her right to sue letter on June 24, 2019.[1] Collins filed this timely lawsuit on August 19, 2019, in which she alleges claims under the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 621 *et seq.* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d

---

[1] Collins also brought a Title VII claim in her EEOC Charge, but did not bring a Title VII claim in her pro se complaint by alleging she was discriminated against based on her race, sex, or any other protected class under Title VII.

2

233 (2011).  When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam).  To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  When ruling on a motion to dismiss, courts "may consider documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims." *Doe v. Columbia Coll. Chicago*, 933 F.3d 849, 854 (7th Cir. 2019).

**Discussion**

Viewing her pro se complaint generously, Collins brings age discrimination, retaliation, and hostile work environment claims under the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. § 621 *et seq.*  Collins' allegations concerning age discrimination are slim.  She alleges that she was treated differently than younger employers and that CTA employees repeatedly told her she was getting old.  She also states that CTA employees repeatedly insulted and harassed her.  These allegations, alone, do not provide a sufficient factual details to raise her right to relief above a speculative level.  *See Taha v. International Bhd. of Teamsters, Local 781*, 947 F.3d 464, 471 (7th Cir. 2020).  She has not explained who told her she was getting old, how the CTA employees' insults and harassment were based on her age, and how these actions are the basis for and an adverse employment action, whether it was the failure to promote she mentions in her complaint, her discharge, or a hostile work environment.  Although Collins provides additional background in her response brief, it is well-settled that "a plaintiff may not amend his complaint in his response brief."

3

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011).[2] In sum, Collins has not alleged enough facts in her complaint for the Court to draw a plausible inference that the CTA is liable for age discrimination. *See Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). The Court grants defendants' motions in this respect and also grants Collins leave to file an amended complaint as to this claim.

Next, Collins brings claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* Unlike her age discrimination claim, Collins gives a few more factual details about her ADA claim, including that she suffered from PTSD, made a request for a reasonable accommodation, and the CTA did not provide any accommodation. Collins also alleges that she was treated differently than non-disabled workers, including being denied paperwork to report an injury, harassed, and threatened with discharge. Also, at the time of her termination, Collins was on medical leave due to a work-related injury. She points out that the CTA created a hostile work environment due to the continuous harassment and discrimination while she was on medical leave.

Although Collins gives more context to her ADA claim than she did to her ADEA claim, her disability discrimination allegations do not meet the federal pleading standards. Her allegations of her disability are vague – she states she has PTSD and that she was on medical leave, but fails to explain the severity of her PTSD that would raise a reasonable inference that the her diagnosis qualifies as a disability under the ADA. To clarify, medical diagnoses, alone, are insufficient to qualify a person as disabled within the meaning of the ADA. *Fredricksen v. UPS*, 581 F.3d 516, 521

---

[2] Collins not only adds factual details in her response brief, but attempts to add different legal claims not in her original complaint or EEOC charge, including claims under 42 U.S.C. § 1983. Because the Court is granting Collins leave to file an amended complaint and recruiting counsel for Collins, the Court need not consider these additional claims in this ruling.

(7th Cir. 2009). Equally vague is whether her disability is related to her termination, especially because she links her termination to grievances she filed with the Illinois Labor Relations Board ("ILRB") and certain issues she has with her union, as discussed below. Again, although Collins adds some factual context in her response brief, her attempt to amend her complaint in her response does not save the day. The Court grants defendants' motion to dismiss Collins' ADA claims, but also grants Collins leave to file an amended complaint to give more factual details supporting her disability claims.

As mentioned, Collins also alleges that she filed several grievances concerning unfair labor practices against the CTA and attaches a letter to an ILRB investigator to her complaint. The letter explains Collins' interactions with her union, Amalgamated Transit Union, Local 241, in relation to her grievances with the CTA. She discusses the CTA discharging her employment based on a work rule "that does not exist." Collins further states that the CTA disregarded her rights as a union member and under the relevant collective bargaining agreement between her union and the CTA. In the end, Collins believes her termination was in retaliation for the grievances she filed with the ILRB.

These allegations fall under the purview of the Illinois Public Labor Relations Act ("IPLRA"), 5 ILCS 315/1, not the ADA or ADEA. The IPLRA confers exclusive jurisdiction on the ILRB over matters involving collective bargaining agreements between public employers and employees, as well as unfair labor practice grievances. *See Knox v. Chicago Transit Auth.*, 105 N.E.3d 810, 817, 423 Ill.Dec. 402 (1st Dist. 2018); *Carver v. Nall,* 172 F.3d 513, 516 (7th Cir. 1999). Therefore, if Collins is alleging that her union breached its duty of fair representation or is challenging her grievances made to the ILRB, this Court does not have jurisdiction to hear any such claims.

The CTA also moves to dismiss Collins' request for punitive damages under Rule 12(b)(1). Indeed, Collins cannot recover punitive damages from the CTA because, in general, municipal entities are exempt from the award of punitive damages. *See Minix v. Canarecci,* 597 F.3d 824, 830 (7th Cir. 2010). Moreover, plaintiffs cannot recover punitive damages under the ADEA nor the ADA against municipal entities *See Barnes v. Gorman*, 536 U.S. 181, 189–90, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002); *Franzoni v. Hartmarx Corp.*, 300 F.3d 767, 773 (7th Cir. 2002). The Court grants this aspect of the CTA's motion to dismiss with prejudice.

Last, the Court dismisses defendant Georgette Hampton from this lawsuit with prejudice because there is no individual liability under the ADA or ADEA. *See Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015) (ADA); *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001) (ADEA). Instead, Collins' former employer, the CTA, is the proper defendant.

**Conclusion**

Based on the foregoing, the Court grants the CTA's motion to dismiss as stated with and without prejudice [24]. The Court grants Georgette Hampton's motion to dismiss with prejudice and dismisses her as a defendant to this lawsuit [26]. The Court further grants Collins leave to file an amended complaint and will recruit counsel for Collins. Once Collins' counsel files an appearance on the record, the Court will set the deadline for Collins to file an amended complaint.

**IT IS SO ORDERED.**

Date: 9/30/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

6